**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

LESLIE J. FEJFAR,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
SF-0752-14-0034-I-1

DATE: August 18, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Guillermo Mojarro</u> and <u>Jacob Mojarro</u>, Upland, California, for the
    appellant.

<u>Bobbi Mihal</u>, Dallas, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed without prejudice the appeal of his alleged constructive removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  Except as modified by the extension of the time period during which the appellant must refile his appeal, we AFFIRM the initial decision.

¶2      On December 31, 2013, the administrative judge issued an initial decision dismissing the appellant's appeal, without prejudice, pending the Board's issuance of a decision in the appellant's alleged constructive suspension appeal, *Fejfar v. U.S. Postal Service*, MSPB Docket No. SF-0752-13-0149-I-1.  Initial Appeal File, Tab 24, Initial Decision (ID).  The administrative judge ordered the appellant to refile his appeal within 30 days of the date the Board issued its decision in his constructive suspension appeal.[2]  ID at 4.

¶3      The appellant has filed a petition for review in which he primarily argues the merits of his appeal.  Petition for Review (PFR) File, Tab 2 at 5-10.  He also requests that the Board allow him at least 45 days after all of his outstanding cases, including his cases before the Equal Employment Opportunity

---

[2] The administrative judge noted that the appeal would be automatically refiled on January 2, 2015, if the Board had not issued a decision by that date.  ID at 4.

Commission, have been closed to refile the present appeal. *Id.* at 8. The agency has filed an opposition to the appellant's petition for review.[3] PFR File, Tab 4.

¶4    At the outset, we note that the appellant's arguments regarding the merits of his appeal are not at issue before the full Board because the administrative judge has not yet made a ruling on the merits. Should the administrative judge issue a decision on the merits and the appellant petition for review of that decision, the Board will address the merits of his appeal at that time.

¶5    Regarding the appellant's instant request, we find that 45 days is not an unreasonable amount of time to provide for the refiling of the present appeal. However, with the exception of the appellant's constructive suspension appeal, the outcomes of his other outstanding cases are not necessary for the administrative judge to make a decision on his constructive removal appeal. Accordingly, the parties are advised that the appellant is **ORDERED to refile his appeal within 45 days of the date the Board issues its Final Order in his constructive suspension appeal,** *Fejfar v. U.S. Postal Service*, **MSPB Docket No. SF-0752-13-0149-I-1.**[4]

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitute the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the United States Court of Appeals for the

---

[3] The agency argues on review that the appellant's petition for review should be dismissed as untimely filed. PFR File, Tab 4 at 4-6. In an acknowledgment letter, however, the Clerk of the Board stated that the Board was considering the appellant's petition for review as timely filed under the circumstances. PFR File, Tab 3 at 1. We are not persuaded by the agency's argument to find otherwise.

[4] The appellant has attached alleged new evidence to his petition for review. PFR File, Tab 2 at 12-39. These documents will be incorporated by reference into the record of the refiled appeal.

Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.